United States District Court
Southern District of Texas
**ENTERED**
July 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VICTORIA ELAINE HICKINBOTHAM, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-cv-3388 |
| BAD BOY MOWERS, LLC AND KAWASAKI MOTORS CORP. U.S.A, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are the Motions for Partial Summary Judgment filed by the Defendant Bad Boy Mowers, LLC ("Bad Boy" or "Defendant"). (Doc. Nos. 25, 26). These motions seek a dismissal of the bystander claims made by Victoria Elaine Hickinbotham ("Hickinbotham") and Casey Raylan McClure ("McClure") (or collectively referred to as "Plaintiffs"). Plaintiffs have each filed a response in opposition. (Doc. Nos. 28, 29). The Court finds both motions to be meritorious and **GRANTS** them both.

### I. Background

This case involves a fatal accident that stemmed from the use of a riding mower that was manufactured by and purchased from Bad Boy. On September 15, 2022, the decedent was riding his mower somewhat near his home but not immediately at his home in Point Blank, Texas when the mower apparently turned over and burst into flames. There were no witnesses to the accident, but Mr. Hickinbotham (decedent) was allegedly pinned under the mower where the fire occurred and he perished. Defendant has filed these two motions solely to seek a partial summary judgment on the bystander claims alleged by Plaintiffs.

## II.  Applicable Law

### a.  Standards for Motion for Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### b. Standards for Bystander Claims

Texas courts adopted the concept of bystander recovery that was drawn from *Dillon v. Legg*, 441 P.2d 912 (Cal. 1968). The *Dillon* court had promulgated three qualifications that a plaintiff had to meet in order to seek such a recovery:

(1) The plaintiff had to be located at or near the scene of the accident as contrasted with one who was some distance away;

(2) The shock (mental anguish) had to result from a direct emotional response upon the plaintiff from the sensory and contemporaneous viewing of the accident as contrasted from learning of the accident from others after its occurrence; *and*

(3) The plaintiff and the victim had to be closely related as contrasted with distantly related or a plaintiff who was not related at all with the victim.

*See Freeman v. City of Pasadena*, 744 S.W.2d 923, 924 (Tex. 1988).

### III.    Analysis

### a.  Contemporaneous Observance of the Accident

Bad Boy claims that McClure fails to satisfy any of the bystander legal requirements. First, it is undisputed that she did not contemporaneously view the accident. The morning of the accident she had slept in. She was in the house some distance away from the site at the time of the accident. She came outside at some point and was asked by Hickinbotham, who was in the garage, to open a gate because the women could not hear the mower and Hickinbotham assumed the decedent was done mowing and probably was heading back toward the house. McClure only became aware of the accident when she saw smoke and fire but could not see the cause of the accident and the only information about the accident she gleaned was from what others told her.

Hickinbotham was in her garage when the accident happened. She was alerted that something out of the ordinary might be happening by barking dogs. She did not see the accident, and, in fact, does not know anyone who actually did see the accident. She also did not see the scene of the accident until after the fire was extinguished. She was informed by McClure that there was an accident involving the decedent and afterwards, she does not remember what happened because she was in shock. There was some indication she fainted. Regardless, according to her deposition, she did not see the accident or even the aftermath.

"Texas law still requires the bystander's presence when the injury occurred and the contemporaneous perception of the accident." *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 578 (5th Cir. 2001) (quoting *United Services Auto. Ass'n v. Keith*, 970 S.W.2d 540, 542 (Tex. 1998)). In *Keith*, a mother arrived at the scene of her daughter's automobile accident, heard her daughter making "scary noises and crying out," saw her removed from the car, and accompanied her to the hospital. Nevertheless, the Supreme Court of Texas held she could not recover. *Keith*, 970 S.W.2d at 541. In *Rodriguez*, a mother did not immediately see her son's injury but saw the immediate effects which the Fifth Circuit described as "horrifying and emotionally painful." *Rodriguez*, 242 F.3d at 578. Nevertheless, the Fifth Circuit held:

> Emotional distress, however, must occur under certain conditions, not met here, for a parent to be entitled to bystander recovery. The [trial] court erred in allowing this question of law to go to the jury.

*Id.*

These two cases—one from the Supreme Court of Texas and one from the Fifth Circuit— are binding authority on this Court in this diversity action. Consequently, this Court must grant Defendant's motion on the bystander issue. Neither Hickinbotham nor McClure observed the accident in any meaningful fashion. The plaintiffs in *Keith* and *Rodriguez* had contacts that were

4

much closer in time and space than either of the Plaintiffs herein. Nonetheless, the Supreme Court of Texas and the Fifth Circuit found as a matter of law that they could not satisfy the requirement that the plaintiff be at or near the scene of the accident at the time of the accident and have contemporaneously perceived it. If those plaintiffs did not qualify, the Plaintiffs here clearly do not. Therefore, Defendant's motion must be granted.

### b.  Plaintiff Must be Closely Related to the Victim

While Bad Boy appears to concede that Hickinbotham satisfies this requirement, it concludes that McClure does not. Texas law requires there must be a close relationship.

> [I]n Texas the *Dillon* requirement of a plaintiff "closely related" to the victim requires a familial relationship of some sort; it is not enough to show a close non-familial relationship, or a distant familial relationship without more.

*Garcia v. San Antonio Hous. Auth.*, 859 S.W.2d 78, 80–81 (Tex. App.—San Antonio 1993, no writ).

In *Garcia*, an uncle-nephew relationship was found insufficient. Other cases have found an insufficient relationship in a "cousin-in-law" relationship, *Rodriguez v. Motor Exp., Inc.*, 909 S.W.2d 521, 526 (Tex. App.—Corpus Christi–Edinburg 1995), *rev'd on other grounds*, 925 S.W.2d 638 (Tex. 1996); a close friend and coworker relationship, *Hinojosa v. South Texas Drilling & Exploration, Inc.*, 727 S.W.2d 320, 324 (Tex.App.—San Antonio 1987, no writ); and a woman's relationship with her live-in companion, *Hastie v. Rodriguez*, 716 S.W.2d 675, 675–76 (Tex. App.— Corpus Christi–Edinburg 1986), writ ref'd n.r.e.).

In the instant case, McClure has no familial relationship to the decedent. McClure has admitted that she was not related to the decedent. *See* (Doc. No. 26-4). McClure has had two children with Ryan Harris who is Hickinbotham's (the Plaintiff herein, not the decedent) son from

5

a prior marriage. It is not clear from the record whether McClure and Ryan Harris are married or not, but regardless, she is not related to the decedent.

As such, McClure also fails this requirement to recover as a bystander.

## IV.    Conclusion

The Court **GRANTS** the motions for partial summary judgment on Hickinbotham's and McClure's bystander claims. (Doc. Nos. 25, 26). These claims are **DISMISSED** with prejudice.


It is so ordered.

Signed on this the _28th_ day of July, 2026.

Andrew S. Hanen
United States District Judge